UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| WILLIAM FELICIANO <br>     Plaintiff | ) <br> ) <br> ) <br> ) | |
| V. | ) <br> ) <br> ) | Civil Action No.: <br><br> MARITIME ACTION |
| TREMONT FISHERIES, LLC <br>     Defendant | ) <br> ) <br> ) | UNDER F.R.CIV.P. 9 (h) |

## PLAINTIFF'S COMPLAINT

Now comes the Plaintiff, William Feliciano, in the above-captioned matter and for his complaint states:

### Parties

1. The Plaintiff, William Feliciano, is a natural person and resident of New Bedford, County of Bristol, Commonwealth of Massachusetts.

2. The Defendant, Tremont Fisheries, LLC, is a limited liability company organized and existing under the laws of the Commonwealth of Massachusetts, with its principal place of business, and all of its managers located in Lakeville, County of Plymouth, Commonwealth of Massachusetts.

### General Factual Allegations

3. On or about November 11, 2019, the Plaintiff, William Feliciano, was employed by the Defendant, Tremont Fisheries, LLC.

4. On or about November 11, 2019, the Plaintiff, William Feliciano, was employed by the Defendant, Tremont Fisheries, LLC., as a seaman and member of the crew of the F/V TREMONT

5. On or about November 11, 2019, the F/V TREMONT departed New Bedford, Massachusetts, for a commercial fishing trip (hereinafter "the trip").

6. During the trip, the Defendant, Tremont Fisheries, LLC, owned the F/V TREMONT.

7. The Defendant, Tremont Fisheries, LLC, chartered the F/V TREMONT from some other person or entity such that during the trip, the Defendant, Tremont Fisheries, LLC, was the owner *pro hac vice* of the F/V TREMONT.

8. During the trip, the Defendant, Tremont Fisheries, LLC, operated the F/V TREMONT.

9. During the trip, the Defendant, Tremont Fisheries, LLC, its agents, servants, and/or employees, controlled the F/V TREMONT.

10. During the trip the F/V TREMONT was in navigable waters.

11. During the trip, and while in the service of the F/V TREMONT, the Plaintiff, William Feliciano, fell ill.

12. After falling ill the Plaintiff attempted to continue to perform his duties but was physically only able to work intermittently during the remainder of the trip.

13. On or about December 12, 2019, the F/V TREMONT returned to port.

14. On or about December 12, 2019 the fishing trip was concluded and the vessel's catch was sold.

15. At the conclusion of the trip, the Defendant, Tremont Fisheries, LLC, discharged the Plaintiff and improperly refused to pay the Plaintiff, William Feliciano, the wages he was due from the trip.

## **Jurisdiction**

16. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1333

and 28 U.S.C. § 1331.

17. This action is an admiralty claim within the meaning of Fed.R.Civ.P. 9 (h).

## COUNT I
### William Feliciano v. Tremont Fisheries, LLC
**(GENERAL MARITIME LAW – MAINTENANCE AND CURE)**

18. The Plaintiff, William Feliciano, reiterates the allegations set forth in paragraphs 1 through 17 above.

19. As a result of the illness described in paragraph 11 above, the Plaintiff, William Feliciano was physically unable to continue working on the vessel as described in paragraph 12 and is due his wages until the end of the voyage.

20. This cause of action is a claim for unearned wages under the general maritime law remedy of maintenance and cure.

WHEREFORE, the Plaintiff, William Feliciano, demands judgment against the Defendant, Tremont Fisheries, LLC, in the amount of his wages until the end of the voyage, in addition to costs, interest and attorneys' fees and any other remedies he may be entitled to by law or which the Court deems just.

## COUNT II
### William Feliciano v. Tremont Fisheries, LLC
**(GENERAL MARITIME LAW – WILFULL FAILURE TO PROVIDE MAINTENANCE AND CURE)**

21. The Plaintiff, William Feliciano, reiterates the allegations set forth in paragraphs 1 through 20 above.

22. As a result of the illness described in paragraph 11 above, the Plaintiff, William Feliciano was physically unable to continue working on the vessel as described in paragraph 12 and

is due his wages until the end of the voyage.

23. The Plaintiff, William Feliciano, made demand on the Defendant, Tremont Fisheries, LLC, for the payment of his wages until the end of the trip.

24. The Defendant, Tremont Fisheries, LLC, has negligently, willfully, arbitrarily, and/or unreasonably failed to provide the Plaintiff, William Feliciano, with his wages until the end of the trip in a timely and adequate manner.

25. As a result of the Defendant's failure to provide the Plaintiff with his wages until the end of the trip, the Plaintiff has sustained and will continue to sustain damages, including without limitation, loss of the use and enjoyment of his wages and attorneys' fees and costs, and has sustained and will sustain other damages as will be shown at trial.

26. This cause of action is a claim for unearned wages under the general maritime law remedy of maintenance and cure.

WHEREFORE, the Plaintiff, William Feliciano, demands judgment against the Defendant, Tremont Fisheries, LLC, in an amount to be determined by the finder of fact as compensatory damages for failure to pay the Plaintiff unearned wages, together with costs, interest, punitive damages and reasonable attorneys' fees and costs.

### COUNT III
### William Feliciano v. Tremont Fisheries, LLC
### (GENERAL MARITIME LAW - FAILURE TO PAY EARNINGS)

27. The Plaintiff, William Feliciano, reiterates the allegations set forth in paragraphs 1 through 26 above.

28. The Plaintiff, William Feliciano, was hired by the Defendant, Tremont Fisheries, LLC, as a seaman and member of the crew of the F/V TREMONT.

29. Pursuant to the terms of the written employment contract, the Defendant, Tremont Fisheries, LLC, agreed to pay the Plaintiff, William Feliciano, wages equivalent to a portion of the vessel's catch from the trip.

30. At the conclusion of the trip the Plaintiff, William Feliciano, made demand for payment of his wages upon the Defendant, Tremont Fisheries, LLC, who has improperly and wrongfully refused to furnish him the agreed upon wages.

31. This cause of action is brought under the general maritime law.

WHEREFORE, the Plaintiff, William Feliciano, demands judgment against the Defendant, Tremont Fisheries, LLC, in the amount of his unpaid and agreed upon wages from the trip, in addition to costs, interest and attorneys' fees and any other remedies he may be entitled to by law or which the Court deems just.

## COUNT IV
### William Feliciano v. Tremont Fisheries, LLC
**(46 U.S.C. § 11107 – UNLAWFUL ENGAGEMENT OF A SEAMAN)**

32. The Plaintiff, William Feliciano, reiterates the allegations set forth in paragraphs 1 through 31 above.

33. The Plaintiff, William Feliciano, was hired by the Defendant, Tremont Fisheries, LLC, as a seaman and member of the crew of the F/V TREMONT pursuant to a written crew agreement.

34. Pursuant to 46 U.S.C. § 10601, the Defendant, Tremont Fisheries, LLC, was required to set forth the effective term of employment in the written crew agreement.

35. The Defendant, Tremont Fisheries, LLC, failed to set forth the effective term of the Plaintiff's employment in the written crew agreement.

36. The Defendant's above failure renders the written crew agreement void.

37. At the conclusion of the trip the Plaintiff, William Feliciano, made demand for payment of his wages upon the Defendant, Tremont Fisheries, LLC, who has improperly and wrongfully refused to furnish him his wages.

38. The Plaintiff is entitled to his wages in the amount of the highest rate of wages at the port from which he was engaged or the amount agreed to be given the seaman at the time of engagement, whichever is higher.

WHEREFORE, the Plaintiff, William Feliciano, demands judgment against the Defendant, Tremont Fisheries, LLC, in the amount of the highest rate of wages at the port from which he was engaged or the amount agreed to be given the seaman at the time of engagement, whichever is higher, in addition to costs, interest and attorneys' fees and any other remedies he may be entitled to by law or which the Court deems just.

Respectfully submitted for the
the Plaintiff, WILLIAM FELICIANO,
by his attorney,

Dated: 05/15/2020

/s/ Jonathan E. Gilzean
Jonathan E. Gilzean, BBO #679164
Latti & Anderson, LLP
30-31 Union Wharf
Boston, MA 02109
(617) 523-1000
JGilzean@lattianderson.com